### In re Jack R. ABELL

[697 A.2d 340]

No. 97-060

April 22, 1997. Pursuant to the recommendation of the Professional Conduct Board filed February 18, 1997, and approval thereof, it is hereby ordered that Jack R. Abell, Esq., is disbarred for the reasons set forth in the Board's Final Report attached hereto for publication as part of the order of this Court. A.O. 9, Rule 8E.

## FINAL REPORT TO THE SUPREME COURT

We received the final report of the hearing panel. The parties were advised that they could present oral argument to the Board, but both parties have waived that opportunity.

We hereby adopt the hearing panel report as our own.

We recommend to the Supreme Court that Jack R. Abell be disbarred from the practice of law.

I. *Procedural History.*

1. The petition of misconduct was filed on October 8, 1996.

2. Respondent's acceptance of service is dated September 27, 1996.

3. Mr. Amidon entered his appearance on behalf of respondent on October 22, 1996. At that time, Mr. Amidon notified the Board that Mr. Abell would not be filing an answer in this matter.

4. In a letter dated October 22, 1996, Mr. Amidon was notified that, pursuant to Administrative Order No. 9, Rule 8C, respondent's election not to file an answer would be treated as an admission of the allegations contained in the petition of misconduct.

5. In a letter dated January 28, 1997, Mr. Amidon acknowledges receipt of the October 22, 1996 letter.

II. *Findings.*

Pursuant to Rule 8C, the charges outlined in the petition of misconduct are admitted. A copy of the petition is attached as Exhibit A.

III. *Sanctions.*

The panel makes the following findings of fact as to sanctions:

1. Respondent was admitted to practice law in the State of Vermont on February 4, 1975.

2. Respondent was a partner in the law firm of Abell, Kenlan, Schwiebert & Hall. He was a managing partner and had sole control of the firm's bookkeeping functions.

3. During the years of 1990 through 1994, respondent embezzled $408,260 from his law firm, Abell, Kenlan, Schwiebert & Hall or other entities associated with the law firm.

4. There are no mitigating factors.

Respondent's actions violate DR 1-102(A)(3) (engaging in illegal conduct involving moral turpitude), DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation) and DR 1-102(A)(7) (engaging in any other conduct that adversely reflects on the lawyer's fitness to practice law).

As defined in the ABA Guidelines for Imposing Lawyer Discipline, the foregoing are aggravating factors in determining the appropriate sanctions.

The ABA standards state the following with respect to violations of this nature and magnitude:

Section 5.11 recommends disbarment "when a lawyer engages in criminal conduct a necessary element of which includes . . . false swearing, misrepresentation, fraud . . . misappropriation or theft . . . ."

Section 7.1 recommends disbarment "when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional, with the intent to obtain a benefit for the lawyer . . . and causes serious or potentially serious injury to . . . the legal system."

By embezzling the funds from his firm, respondent has violated one of the most basic professional obligations to the public, the pledge to maintain personal honesty and integrity. The only appropriate sanction in this matter is disbarment.

## PETITION OF MISCONDUCT

Pursuant to Administrative Order 9, Rule 8C, bar counsel hereby initiates formal disciplinary proceedings against respondent for violating the Code of Professional Responsibility. The petition is based on the following information:

1. Jack R. Abell was admitted to practice law in the State of Vermont on February 4, 1975 and has been on inactive status since February 11, 1995.

2. Respondent was a partner in the law firm of Abell, Kenlan, Schwiebert & Hall. He was a managing partner and had sole control of the firm's bookkeeping functions—with the assistance of two in-house accounting clerks.

3. In 1990 respondent began embezzling funds from the law firm for his own personal use. Respondent, over the years, used several different methods to embezzle money and remain undetected. In 1994 one of the accounting clerks noticed a suspicious transaction and brought it to the attention of the other partners.

4. From 1990 through 1994 respondent embezzled $408,260 belonging to the law firm of Abell, Kenlan, Schwiebert & Hall or other entities associated with the law firm.

5. Respondent embezzled no client funds.

6. Respondent is in violation of DR 1-102(A)(3), DR 1-102(A)(4) and DR 1-102(A)(7) of the Code of Professional Responsibility.